## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD GONZALEZ,

      Petitioner,

    v.

WARDEN STEPHEN SPAULDING,

      Respondent.

No. 1:21-CV-0835

(Chief Judge Brann)

## MEMORANDUM OPINION

### OCTOBER 18, 2021

Petitioner Edward Gonzalez, an inmate confined at the satellite prison camp at the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg), filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks the Court to direct the Bureau of Prisons (BOP) to grant him time credits pursuant to the First Step Act (FSA) and immediately apply those credits to his sentence.  The petition has been fully briefed and is ripe for disposition.  For the reasons set forth below, the Court will dismiss Gonzalez's petition.

## I.    BACKGROUND

Gonzalez is serving a 60-month sentence imposed by the United States District Court for the Middle District of Pennsylvania on December 16, 2019.[1]

---

[1]    Doc. 9-1 ¶ 3; *United States v. Gonzalez*, No. 3:19-cr-110, Doc. 31 (M.D. Pa. Dec. 16, 2019) (Mannion, J.).

His current projected release date, according to USP Lewisburg officials and via application of good-conduct time, is March 5, 2023.[2]

Gonzalez contends that he has completed FSA-eligible programs and has accrued 450 days' successful participation therein, correlating to 225 days' time credit under the FSA.[3]  He asks the Court to order the BOP to immediately award and apply the 225 days' time credit.  Respondent counters that Gonzalez has failed to exhaust his administrative remedies and that, even if he had properly exhausted, his petition is premature.

## II.  DISCUSSION

Respondent maintains that Gonzalez's petition fails for at least two reasons. Respondent first asserts that Gonzalez has failed to exhaust his administrative remedies.  He also contends that, even if Gonzalez had exhausted his claims, his Section 2241 petition is premature because the BOP is not statutorily required to apply FSA time credits until January 2022.  The Court need only address Respondent's first argument.

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has

---

[2]  Doc. 9-1 ¶ 3.  Gonzalez claims that his projected release date is July 17, 2022, *see* Doc. 1 at 2, but this contention is directly contradicted by his own supporting evidentiary exhibits, s*ee* Doc. 1-1 at 1 (providing that "the inmate is projected for release: 03-05-2023 via GTC").  It appears that Gonzalez may be applying the FSA time credits he believes he deserves in calculating this earlier projected release date.  *See* Doc. 1 at 2.

[3]  Doc. 1 at 1.

consistently held that exhaustion applies to such claims.[4]  Exhaustion allows the

relevant agency to develop a factual record and apply its expertise, conserves

judicial resources, and provides agencies the opportunity to "correct their own

errors" thereby fostering "administrative autonomy."[5]  The BOP has a specific

internal system through which federal prisoners can request review of any aspect

of their imprisonment.[6]  That process begins with an informal request to staff and

progresses to formal review by the warden, appeal with the Regional Director,

and—ultimately—final appeal to the General Counsel.[7]

Exhaustion is the rule in most cases, and failure to exhaust will generally

preclude federal habeas review.[8]  Only in rare circumstances is exhaustion of

administrative remedies not required.  For example, exhaustion is unnecessary if

the issue presented is one that involves only statutory construction.[9]  Exhaustion is

likewise excused when it would be futile.[10]

---

[4]   *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

[5]   *Moscato*, 98 F.3d at 761-62 (citations omitted)

[6]   *See generally* 28 C.F.R. §§ 542.10-.19.

[7]   *See id.* §§ 542.13-.15.

[8]   *See Moscato*, 98 F.3d at 761.

[9]   *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

[10]  *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

Gonzalez concedes that he did not attempt to exhaust his administrative remedies.[11]  He instead argues that his procedural default can be excused based on the statutory-construction exhaustion exception, citing *Goodman v. Ortiz*[12] in support.

It may be true that the statutory-construction exception applies to Gonzalez's contention that his allegedly completed and qualifying FSA programming must be calculated and applied immediately, rather than in January 2022.  But Gonzalez's situation differs from *Goodman* because in that case there was agreement about the petitioner's eligibility and FSA time credit calculations, and application of those credits would have resulted in the petitioner's immediate release.[13]

Here, the record is incomplete because Gonzalez failed to exhaust his administrative remedies.  The Court cannot determine, among other things, the following critical information: (1) the areas of criminogenic needs the BOP determined Gonzalez to have[14]; (2) what evidence-based recidivism reduction (EBRR) programs and productive activities (PAs) the BOP assigned to Gonzalez to meet his criminogenic needs[15]; (3) which eligible programs Gonzalez completed and the date of completion[16]; (4) the BOP's determination of the length of each

---

[11]   Doc. 1 at 2.
[12]   No. 20-cv-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020).
[13]   *See id.* at *2.
[14]   *See* 18 U.S.C. § 3632(a)(3), (b)(1), (b)(5)(B).
[15]   *See id.* § 3632(a)(3), (b)(1).
[16]   *See, e.g.*, *id.* § 3632(d)(4).

4

qualifying EBRR program or PA that Gonzalez completed[17]; and (5) whether Gonzalez is eligible for application of time credits as determined by the criteria in 18 U.S.C. § 3624(g)(1).[18]

Simply put, Gonzalez's petition involves more than just statutory construction. Consequently, Gonzalez cannot skip the exhaustion requirements and come directly to federal court. Because Gonzalez has failed to exhaust his administrative remedies with the BOP and no exception to exhaustion applies, the Court must dismiss Gonzalez's Section 2241 petition.[19]

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Gonzalez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[17] *See id.*
[18] The Court further notes that, unlike in *Goodman*, even if Gonzalez would be granted the relief he seeks, it would not result in immediate release or even placement in prerelease custody or supervised release. *See* Doc. 1-1 at 1 (noting that Gonzalez's eligibility date for home detention is September 5, 2022).
[19] *See Moscato*, 98 F.3d at 762.

5